542 S.E.2d 721

**In the Matter of Leon C. BANKS, Respondent.**

No. 25252.

Supreme Court of South Carolina.

Submitted Jan. 16, 2000.

Decided Feb. 12, 2001.

18

Henry B. Richardson, Jr., and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment.[1] We accept the agreement and disbar respondent. The facts as admitted in the agreement are as follows.

### *Facts*

During the course of representing several defendants throughout 1997 and once in 1998, respondent received funds totaling over $161,000 from the Office of Indigent Defense (OID). During that same time, respondent received over $4,000 from the Lancaster County Public Defender Corpora-

---

1. Respondent was placed on incapacity inactive status by order of this Court dated August 13, 1999. *In re Banks,* 336 S.C. 334, 520 S.E.2d 316 (1999).

tion and $10,000 from the Kershaw County Public Defender Corporation. Respondent deposited these funds into his firm's capital litigation account. Respondent did not comply with Rule 417, SCACR, in that he failed to retain sufficiently detailed documentation to adequately identify these deposits.

Respondent disbursed the money from the capital litigation account but did not note on the checks any information as to purpose, client, or file number as required by Rule 417, SCACR. These checks were made payable to respondent personally, to his firm's general operating account, and to cash. Respondent converted the majority of the OID funds for purposes other than that for which they were intended. Both the capital litigation account and the general operating account frequently had negative balances.

After respondent learned about the shortage of funds in the capital litigation account, he deposited $31,260 into the account in February of 1998. That deposit consisted of one check drawn on respondent's personal account that he held jointly with his wife. At the time respondent negotiated the check from his personal account, that joint account contained only $1,470.10. This intentional misrepresentation constituted check kiting.

Also in February of 1998, a deposit of $24,500 was made into the capital litigation account. These funds were from a personal loan from a third party. The loan was predicated on a promissary note with a ninety day repayment period. Respondent used these funds to make various payments to service providers and expert witnesses relevant to a capital client. Respondent failed to repay the lender within the ninety day period and the guarantor repaid the loan. As of August 13, 1999, respondent had not yet repaid the guarantor.

A financial management firm loaned money to respondent for personal living expenses. These loans were secured by account vouchers for work completed by respondent for the OID. The financial management firm made a complaint against respondent. Respondent had another attorney representing him in connection with this complaint. In November of 1998, respondent sent his attorney a note enclosing copies of OID vouchers submitted on five cases. Respondent never

submitted those five vouchers to the OID nor did that agency make payments to respondent pursuant to those five vouchers.

### *Law*

By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (a lawyer shall hold property of clients that is in a lawyer's possession in connection with a representation separate from the lawyer's own property, funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, and complete records of such account funds shall be kept by the lawyer); Rule 8.4 (it is professional misconduct for a lawyer to: violate the Rules of Professional Conduct; commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; engage in conduct involving moral turpitude; engage in conduct involving dishonesty, fraud, deceit or misrepresentation; engage in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

We accept the Agreement for Discipline by Consent and disbar respondent. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**